## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Formosa Plastics Corporation, U.S.A. | : | |
| | : | Civil Action No. 06-5055 (GEB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACE American Insurance Company, et al.. | : | **OPINION** |
| | : | |
| Defendants. | : | |

Pending before the Court is Plaintiff Formosa Plastic Corporation's Motion to Amend its Complaint to add an additional defendant. (Docket Entry No.42.) Having considered the parties' submissions, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion.

### BACKGROUND

This insurance coverage action arises from an explosion and resulting fire on April 23, 2004, at Formosa's plastics manufacturing plant in Illiopolis, Illinois ("The Illiopolis Plant"). This accident resulted in the death of five Formosa employees, severe injuries to others, and the destruction of "much of the facility." (Compl. ¶ 18.) Formosa is a Delaware corporation with its principal place of business in Livingston, New Jersey. Plaintiff instituted this action in this Court on October 20, 2006. The action is currently pending against the following Defendants: ACE American Insurance Company; Zurich American Insurance Company; New Hampshire Insurance Company; Commonwealth Insurance Company; Arch Speciality Insurance Company; Everest Reinsurance (Bermuda Ltd.); Allied World Assurance Company Ltd.; Lloyd's Syndicate 1200 (AA-1127200) (UK); Lloyd's syndicate 1221 (UK); Lloyd's Syndicate 282 (UK); and Lloyd's Syndicate 2003 (UK) (collectively, the "Property Carriers" or "Defendants"). Formosa is seeking

to recover from Defendants amounts not paid for the April 2004 accident.

For the policy period applicable to the April 2004 accident, Formosa enjoys property insurance coverage through a first-party all-risk property insurance program with a market of several contributing first-party insurers and four reinsurers.  This insurance program, jointly underwritten by the Property Carriers in varying percentages, has a total limit of $350 million per loss and a deductible of $5 million per loss.  The Property Carriers are all first-party insurers.

Formosa also has coverage under a Pollution Legal Liability Select Policy, provided by Commerce and Industry Insurance Company ("Commerce"), which provides "coverage for various categories of damage associated with or related to pollution, including cleanup costs and third party claims."  (Proposed Am. Compl. ¶¶ 20-21.)  This policy has a total limit of $100 million per loss and a deductible of $1 million per loss.  (*Id.* at ¶ 20.)

After receiving several extensions of time in which to do so, the Property Carriers moved to dismiss this action on January 5, 2007.  (Docket Entry No. 12.)  After the motion was fully briefed, this Court notified the parties that the motion to dismiss would be converted to a motion for summary judgment.  (Docket Entry No. 30.)  That motion was denied by the Honorable Harold A. Ackerman in an Opinion and Order dated September 22, 2008.  (Docket Entry No. 34.)

On November 5, 2008, the Undersigned notified the parties that a scheduling conference would take place in the case on January 8, 2009.  (Docket Entry No. 38.)  At the scheduling conference, certain discovery deadlines were set, and Plaintiff advised the Court of its desire to amend its Complaint to add Commerce as a Defendant in the case.  The existing Defendants refused to consent to this amendment, and the Court set January 23, 2009, as the deadline by

which Plaintiff was to file its Motion to Amend.  (Docket Entry No. 43.)

Formosa now seeks leave to amend its Complaint to add Commerce as a defendant.  The Property Carriers jointly oppose this Motion.  The Court evaluates the Motion to Amend against the equitable and legal considerations underpinning Fed. R. Civ. P. 15(a).

## ANALYSIS

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires.  Leave to amend pleadings is to be freely given.  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the discretion of the court.  *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment.  *Id.*  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Formosa has argued that Commerce should be added to this action so that it can obtain "complete resolution of all Accident-related insurance matters."  (Pl.'s Mem. in Supp. 3.)  According to Formosa, all of the insurers involved have refused to pay the total amount of the loss, namely because "the Property and Pollution Carriers each assert that reimbursement of a significant portion of Formosa's loss is not their responsibility."  (*Id.* at 4, *see also* Proposed Am. Compl. ¶ 5 ("Formosa's carriers have taken conflicting positions regarding which coverage applies to certain losses.").)  The insurers thus provide "interlocking coverage" for the loss, and a global determination of coverage cannot be rendered unless all insurers are parties to the suit.  (Pl.'s Mem. in Supp. 4.)

The Property Carriers argue that their policies should be evaluated separately from Commerce's policy to determine which, if any, insurance provider is liable for Plaintiff's loss. (Defs.' Mem. in Opp'n 11.)  According to the Property Carriers, Plaintiff "is deliberately confusing first-party insurance with third-party insurance," neither of which has any bearing on the availability of coverage under the other type of policy.  (*Id.*)

The Property Carriers oppose this Motion on several grounds.  Many of the Property Carriers' arguments seek to attack factual allegations set forth in the Proposed Amended Complaint.   The issue before this Court is not whether, in fact, the policies at issue provide "interlocking coverage."  Rather, we are here to decide whether, taking the allegations in the proposed Amended Complaint as true, if it is appropriate to allow Plaintiff to amend its Complaint.  Therefore, the Court will only address those arguments that are relevant to the instant analysis, namely those of undue delay and undue prejudice.

### A.      *Undue Prejudice*

The issues of undue delay and undue prejudice overlap somewhat, as delay generally cannot be undue unless it has caused some prejudice to the non-moving party.  *See*, *e.g.*, *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).  The analyses, however, are distinct, as "[t]he question of undue delay . . . requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; [while] the issue of prejudice requires that we focus on the effect on the defendants."  *Id.*

The Third Circuit has held that "prejudice to the nonmoving party is the touchstone for the denial of the amendment."  Prejudice involves the serious impairment of the defendant's ability to present its case.  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).  In

deciding whether the proposed amendment would unfairly prejudice the Property Carriers, courts consider whether permitting the amendment would (1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

With respect to prejudice, the Property Carriers argue that allowing Formosa to add Commerce to the action would prejudice them because it would be, in essence, to allow Formosa "to beguile the jury with the false notion that this is really a contest between two 'interlocking' insurers." (Defs.' Mem. of Law in Opp. 18-19.) The Property Carriers take issue with Plaintiff's position that its carriers have disputed whether coverage is available under their respective policies, arguing that "[r]ather than look to the language of the respective policies, which is after all what defines their coverages, Formosa chooses to posture itself as a victim, caught in the middle." (*Id.* at 19.)

In its Reply Memorandum, Plaintiff characterizes the Property Carriers' Opposition as being "based upon the wholly baseless premise that this Court cannot (or will not) prevent a runaway jury from wrongly awarding coverage to Formosa where no coverage exists." (Pl.'s Reply Mem. in Supp. 1.) The Court finds Plaintiff's description particularly apt given the Court's duty to take the allegations in the proposed Amended Complaint as true at this stage in the litigation. Indeed, the Court cannot point to one argument in Defendants' Opposition which can be characterized as addressing the considerations outlined above.

The Property Carriers instead argue that adding Commerce as a defendant would prejudice them at trial because it would confuse a jury, who might be persuaded by Plaintiff's

"obvious" "hidden agenda" in attempting to "continue to avoid its burden of proving its damages under each policy, and instead sit back while two groups of insurers . . . are maneuvered into arguing about each other's coverages."  (Defs.' Mem. 11, 19).  While adding Commerce may make the issues more complex, the Court is well-equipped to navigate the issues and assist a jury in doing so.

Addressing the relevant considerations as established by the Third Circuit, the Court notes that Plaintiff is only seeking to add one additional party and, as such, the current Defendants will likely not incur significant additional resources in having to depose additional witnesses.  Moreover, since most documents relevant to forming their defense are already in the Property Carriers' possession, any additional discovery is not likely to be onerous.  Likewise, the proposed amendment will not significantly delay resolution of the action, as fact discovery remains ongoing at this point.

The Court's January 26, 2009 Discovery Scheduling Order expressly contemplated the possibility that Commerce would be added to this action and provided measures to make the addition of Commerce less prejudicial to the existing parties.  For example, the Court made the deadline for propounding requests for production of documents and interrogatories "[s]ubject to the Court's resolution of Plaintiff's motion to amend."  (Docket Entry No. 43.)  Further, the Court ordered that no fact depositions, other than certain custodian of records depositions, would take place until the Court had ruled on the motion to amend.  (*Id.*)  Because discovery is at such an early stage, and because of the safeguards already taken by this Court to prevent prejudice to the existing parties, the Court finds that the Property Carriers are not prejudiced by the Plaintiff's request to amend their Complaint.

**B.     Undue Delay**

With respect to undue delay, the Property Carriers essentially argue that, because Plaintiff was aware of the potential claims against Commerce at the outset of this litigation, Commerce should have been included as a Defendant in the initial Complaint.  Therefore, Plaintiff should not be able to amend its Complaint because it cannot proffer a reasonable explanation for waiting over two years to add Commerce to the action.

There is no presumptive period in which a motion for leave to amend is deemed "timely" or in which delay becomes "undue."  *Maersk*, 434 F.3d at 205.   Further, delay alone does not justify denying a motion to amend.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 1984).  While it is true that the court should look to the moving party's reasons for not moving to amend sooner, unless the delay at issue will prejudice the non-moving party, a movant need not establish a compelling reason for its delay.  *Astrazeneca AB v. Ranbaxy Pharm., Inc.*, No. 05-5553, 2008 U.S. Dist. LEXIS 102097, at *19 (D.N.J. Dec. 15, 2008) (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981)).

Here, Plaintiff attributes its delay to a desire to not waste judicial resources.  (Pl.'s Mem. in Supp. 13 (arguing that filing a Motion to Amend before the summary judgment motion was decided would have been premature).)  Plaintiff moved to amend only four months after the Court's September 22, 2008 Order denying Defendants' motion for summary judgment.  Plaintiff also claims to have waited to move to amend based on Commerce's agreement to accept service in this Court, despite a forum selection clause dictating New York as the appropriate venue for any action challenging the policy.  (*Id.* at 12.)  Further, the Motion was made within the time

prescribed by this Court's January 26, 2009 Discovery Scheduling Order.  Such a delay is not undue.

Although Plaintiff likely could have included Commerce in its initial Complaint, the Court has already found that its failure to do so does not prejudice the non-moving parties.  *See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citing Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n. 19 (3d Cir. 1969) (noting that the non-moving party has "a heavier burden than merely claiming prejudice, it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [Plaintiff's] amendments been timely.")).  Plaintiff has also provided a reasonable explanation for the delay.  Therefore, the Motion to Amend will not be denied on the basis of undue delay.

### C.    *Joinder of Commerce*

Lastly, the Property Carriers argue that Commerce cannot be added as a Defendant because joinder of Commerce would be improper under the Federal Rules of Civil Procedure. Because the Court agrees that joinder is not compulsory, and thus is inappropriate under Rule 19, it will go on to examine whether joinder would be appropriate under the more lenient standard of Fed. R. Civ. P. 20.

Rule 20(a) deals with the permissive joinder of parties and provides in pertinent part:

(2) Defendants. Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

The Property Carriers argue that this Rule's requirements cannot be met.  The Property Carriers argue that the first prong cannot be met because Plaintiff has not claimed that it has asserted a right to relief "jointly or severally."  (Defs.' Mem. in Opp'n 34.)  The Property Carriers ignore, however, the language of the Rule that allows for relief to be "in the alternative." Here, Plaintiff is alleging that either the Property Carriers or Commerce is required to compensate Plaintiff for the loss suffered, or that they are each liable for some portion of the loss. Therefore, the first prong of the test has been met as Plaintiff is claiming a right to relief in the alternative.

Formosa's claims against all carriers also arise out of the same transaction or occurrence, as they arise out of a dispute over coverage concerning the same loss.  *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) ("all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence").  Although there are different types of insurance policies at issue here, at its core, this case is about Formosa's attempt to determine which, if any, of its insurance providers are liable for the April 2004 loss.[1]

Further, at least one common issue of fact exists.  As Plaintiff points out, resolution of at

---

[1] On this issue, the Property Carriers point the Court to *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478 (D.N.H. 2002), a District of New Hampshire case in which the court found that plaintiff could not satisfy Rule 20 because plaintiff sought relief for two separate legal remedies (negligence and breach of contract) arising from two separate car accidents, which occurred nearly fifteen months apart.  208 F.R.D. at 480.  Unlike that case, the Plaintiff here is seeking the same type of relief (breach of contract) against all insurers arising from the same loss. *Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F. Supp. 2d 954 (S.D. Ill. 2007) is likewise inapposite, as that case involved the misjoinder of several plaintiffs who were seeking to recover under different insurance policies issued to different individuals for losses arising out of different fires.

least one issue (whether Plaintiff's equipment should be cleaned or replaced) will involve the following common issues of fact: "(i) is the equipment contaminated; (ii) if so, can the equipment be de-contaminated; (iii) if so, how much will that cost, and is that cost more than the cost of disposing and replacing the damaged equipment . . . ."  (Pl.'s Reply Mem. in Supp. 3.) These are just a few of the common questions of fact likely to arise during these proceedings. The Rule is clear in its requirement and is meant to be liberally applied.  *See*, *e.g.*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").  Keeping this liberal standard in mind, the Court is satisfied that "any" common question of fact will arise in the action.  Therefore, all prongs of Rule 20(a)(2) have been met, and joinder is proper under Rule 20.  As a result, Plaintiff should be permitted to join Commerce as a defendant.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Amend the Complaint to add Commerce as a Defendant.  The Court will issue an appropriate Order.


s/ Esther Salas                                        
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**