## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FORMOSA PLASTICS CORPORATION, U.S.A.,

      Plaintiff,

  vs.

ACE AMERICAN INSURANCE COMPANY; ET AL.,

      Defendants.

Civil Action No.: 06-CV-5055-HAA-ES

**CONSENT PROTECTIVE ORDER**

Plaintiff Formosa Plastics Corporation, U.S.A. ("Formosa") and Defendants Ace American Insurance Company; Zurich American Insurance Company; New Hampshire Insurance Company; Commonwealth Insurance Company; Arch Specialty Insurance Company; Everest Reinsurance (Bermuda) Ltd.; Allied World Assurance Company, Ltd.; Lloyd's Syndicate 1200 (AA-1127200)(UK); Lloyd's Syndicate 1221 (UK); Lloyd's Syndicate 282 (UK); Lloyd's Syndicate 2003 (UK); and Commerce & Industry Insurance Company (collectively "Defendants" or "Insurance Companies"), having agreed to the entry of a consent protective order, hereinafter, ("Consent Protective Order") to minimize the disclosure of confidential materials or trade secrets, and having represented to the Court that the entry of this Consent Protective Order is necessary and desirable to achieve that end, and good cause therefore appearing for the entry of this order, it is hereby ORDERED as follows:

          1.    DEFINITIONS: In connection with discovery in this action, including the production of electronically stored information ("ESI"), documents and things, discovery responses, deposition testimony and exhibits, that contain trade secrets or other confidential research, development, or commercial information, as those terms are

used in Fed. R. Civ. P. 26(c)(1)(G), or any other information the disclosure of which would cause annoyance, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c)(1) (hereinafter "Confidential Information"), which a party or nonparty deems to contain Confidential Information, may be designated by such party as "CONFIDENTIAL" pursuant to the terms of this Consent Protective Order. The designation "CONFIDENTIAL" shall apply only to ESI, documents, or other materials that contain significant competitive information regarding, inter alia, research, development, source code, costs, pricing, financial information, customers, technical information or other trade secrets, which would not be disclosed in the ordinary course of business without an obligation of confidentiality and which if otherwise disclosed would cause the disclosing party competitive harm or could place the receiving party at a competitive advantage.

    2.   <u>DISPUTED DOCUMENTS</u>: Subject to a contrary ruling by this Court, nothing in this Consent Protective Order requires the Plaintiff or Defendants to produce ESI, documents and things, discovery responses, and/or allow deposition testimony reflecting, referring, or relating in any way to any document or ESI that Plaintiff or Defendants have objected to as confidential, proprietary, irrelevant, or privileged. Should this Court order that any document or ESI that Plaintiff or Defendants have objected to as confidential, proprietary, irrelevant, or privileged is discoverable, the documents, ESI, and

things, discovery responses, deposition testimony, and/or deposition exhibits reflecting, referring, or relating to any disputed document(s) or ESI will be subject to the terms, conditions, and protections of this Consent Protective Order. Notwithstanding the above, nothing in this paragraph will operate to expand or modify any Order by this Court regarding the discoverability of information that any party objected to as confidential, propriety, irrelevant or privileged and/or limit the parties' ability to file objections to the Magistrate's Report or Recommendation, or to file any appeal pursuant to the Federal Rules.

    3.    DESIGNATION:

        a.    Production: Any ESI, documents, things, discovery responses, or depositions or portions thereof designated to be "CONFIDENTIAL" shall be so designated by the producing party or nonparty at the time of their production by stamping the designated materials with the legend "CONFIDENTIAL," or if necessary, by separate written statement, or as set forth in Paragraph 4 of this Consent Protective Order. The availability of a "CONFIDENTIAL" designation shall not constitute a basis for requiring production of ESI, documents and things that are otherwise privileged and/or subject to dispute regarding its discoverability (e.g., privilege relevance, etc.).

        b.    Depositions: If any question asked during a deposition calls for the disclosure of Confidential Information,

counsel for the disclosing or non-disclosing party shall, to the extent possible, designate those portions of the depositions for which such claim is made at the time the testimony is given. The transcript or portions thereof shall be stamped "CONFIDENTIAL," except as otherwise set forth in Paragraph 4 of this Consent Protective Order.

   i.   Any party may appropriately designate portions of the transcript of depositions as containing Confidential Information after transcription as in the case of any other ESI, document, or tangible thing, provided that written notice of such designation is given to the other party within 14 days after receipt of the transcript. Following such notice the parties shall confer as to the most convenient way to segregate the designated portions of this transcript.

   ii.   Receiving parties shall not disseminate a deposition transcript, the contents thereof, or exhibits thereto beyond the class of Qualified Persons designated in subparagraph 7(b) and/or consultants or experts as described in subparagraph 7(f) herein for a period of 21 days after receipt in order to allow adequate time for notice as set forth in subparagraph 3(b)(i) of this paragraph.

        c.    <u>Filing with the Court</u>:  Any party seeking to file Confidential Information, properly designated under this Consent Protective Order, shall do so in accordance with L. Civ. R. 5.3(c)(1).  Filing of Confidential Information under seal shall not prevent or limit access in any manner consistent with this Consent Protective Order of that information by the Court or counsel of record for the parties.

        d.    The designation of any ESI or document as CONFIDENTIAL shall not preclude any party from showing such Confidential Information to any person who appears as the author or as an addressee or recipient on the face of the ESI or document or who has been provided with the ESI, document or the information therein by the designating party pursuant to paragraph 7 herein;

        e.    Confidential Information shall be used solely for the purposes of this litigation.  However, nothing in this Consent Protective Order is intended to prevent or restrict any party or nonparty from using or disclosing its own Confidential Information in any manner or for any purpose. Neither shall this Consent Protective Order restrict the use or disclosure by a party or nonparty of materials obtained in good faith and independently of discovery in this action or obtained or obtainable from another source or already in the possession

or knowledge of a party or nonparty, who is not obligated to

maintain such ESI or documents in confidence.

        f.    The terms of this Consent Protective Order

shall not prejudice the right of any party to introduce at trial

information designated as CONFIDENTIAL pursuant to this

Consent Protective Order.

4.    REDESIGNATION OF MATERIAL: A producing party

or nonparty may redesignate under Paragraphs 1 through 3 hereof any

material that it has previously produced, but did not previously

designate as Confidential Information, provided, however, that such

"redesignation" shall be effective only as of the date it is received.

The absence of any notice of confidentiality on any materials disclosed

shall not constitute waiver or give rise to an inference that the

information disclosed is not Confidential Information.  The

redesignating party or nonparty shall notify each other party in writing

specifically identifying the ESI or documents by production number or

otherwise and whether that ESI or those documents should be

redesignated as CONFIDENTIAL.  Upon receipt of such written

notice, receiving counsel shall:

        a.    immediately take reasonable steps to

retrieve any redesignated material in the possession of any

person not identified as a "Qualified Person" under Paragraph

6 hereof and notify any person known to have possession of the material of the effect of such designation;

  b. if not objecting to the redesignation, affix the appropriate legend on the redesignated material in accordance with Paragraphs 3 and 4 hereof;

  c. if objecting to the redesignation, counsel shall treat the materials at issue as designated pending resolution of the objection. Any objections shall be in accordance with Paragraph 6 hereof.

  d. the producing party or non-party, if requested by the receiving counsel, will provide (at its own cost) a substitute copy of the materials being redesignated that is stamped "CONFIDENTIAL."

If the materials are redesignated in accordance with the terms of this Consent Protective Order, failure to originally designate those materials as Confidential Information shall not necessarily be deemed a waiver of any claims of confidentiality.

  5. PRIVILEGED MATERIAL: In the event that any privileged materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine or other privilege or immunity. Upon notification of such inadvertent disclosure, the receiving party shall immediately make every effort to prevent further disclosure of the materials, collect and return any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature

of the materials. Within five (5) business days of the notification of the Inadvertent Disclosure, the disclosing party shall produce a privilege log with respect to the Inadvertent Disclosure. The receiving party may move the Court for an Order compelling the Inadvertent Disclosure information. Such a motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Inadvertent Disclosure information.

6. OBJECTIONS: A party may move the Court for an order that material designated as confidential or privileged information is not, in fact, confidential or privileged. On such a motion, the party asserting confidentiality or privilege shall have the burden of proving that the information designated (a) CONFIDENTIAL contains trade secrets or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G), or otherwise consists of other information the disclosure of which would cause annoyance, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c)(1); or (b) the privilege falls within the attorney client privilege or attorney work product doctrines. Before such a motion is brought, the parties will attempt to resolve their differences informally. No party shall be obligated to challenge a CONFIDENTIAL or privileged designation, and failure to do so shall not preclude a subsequent challenge to such a designation.

Designations, challenges to designations, and failures to challenge
designations made pursuant to this Consent Protective Order are not an
admission or waiver of any party, and are not admissible in evidence
on the trial of any issue in this case, including the issue of whether the
information is in fact confidential or privileged.

7.     QUALIFIED PERSONS: Materials designated as
Confidential Information may be disclosed or made available by the
party or nonparty receiving such information only to:

    a.     the Court;

    b.     counsel of record to the parties to this
action, and the members and employees of the law firms of
counsel of record, and organizations/individuals retained by
counsel to provide litigation support services in this action and
the employees of those organizations. Each
organizations/individuals retained by counsel to provide
litigation support services must execute the certification set
forth as Exhibit A hereto;

    c.     court reporters or stenographers whose
services are used in connection with this action, and other
persons working for such reporters or stenographers;

    d.     directors, officers and employees of each
party, and individuals named as parties, who must see such
documents to assist in the prosecution or defense of that party's
claims in the lawsuit;

e. any deponent during a deposition who is a former employee, officer or director of the party that produced the Confidential Information, who is not involved in litigation with the party, provided that the document was addressed to, reviewed or received by the deponent prior to deponent's departure from the party;

f. consultants or experts retained by the parties in connection with this litigation, and the employees of such experts or consultants who are assisting them in this action. Each consultant or expert must execute the certification set forth as Exhibit B hereto; and

g. such other persons who the parties may designate by written agreement or by Court Order, permitting additional disclosure. Any such other person must execute the certification set forth as Exhibit A hereto,; and

h. any other individual or organization that has not previously been listed in Paragraph 7 above who is afforded access to documents or materials produced during discovery in this action pursuant to the terms of this Consent Protective Order. Any such non-party must execute the certification set forth as Exhibit A hereto.

8. SUBPOENAS: If a party holding another party's Confidential Information is subpoenaed by any other court, administrative or legislative body, or other person with authority to

issue subpoenas, the party holding the Confidential Information must provide notice of the subpoena to the producing party within 24 hours via e-mail. However, if the subpoena requires production on less than 24 hours' notice, the party holding another party's Confidential Information must provide immediate telephonic and e-mail notice to counsel for the producing party.

9.    NON-PARTIES / THIRD PARTIES: This Consent Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this action, unless the non-party waives the protection of this Consent Protective Order. Any ESI, documents, things, discovery responses, or depositions or portions thereof designated to be "CONFIDENTIAL" shall be so designated by the nonparty, Plaintiff, or Defendants by stamping the designated materials with the legend "CONFIDENTIAL," or if necessary, by separate written statement, or as set forth in Paragraph 4 of this Consent Protective Order

This Consent Protective Order shall also apply to non-parties who are afforded access to documents or materials produced during discovery in this action, whether by deposition, production of documents or otherwise, as provided in paragraph 6 herein.

10.    POST LITIGATION: This Court shall retain jurisdiction over the parties and recipients of any Confidential Information for enforcement of the provisions of this Consent Protective Order following termination of this litigation.

11.  ATTORNEYS FEES: If either party brings any motion, suit, action, counterclaim, or arbitration based on a violation of the provisions of this Consent Protective Order, the prevailing party shall be entitled to recover its reasonable attorneys fees and litigation expenses in addition to court costs. "Prevailing Party" within the meaning of this section includes without limitation, a party who agrees to dismiss an action or proceeding upon the other's payment of sums allegedly due or performance of the covenants allegedly breached, or who obtains substantially the relief sought by it.

12.  PREVIOUS CONFIDENTIALITY AGREEMENT: The parties and their respective consultants/experts previously have entered a Confidentiality Agreement ("Agreement") attached hereto as Exhibit C. This Consent Protective Order is not intended to negate the Agreement entered previously by the parties and/or their respective consultants/ experts. Accordingly, Confidential Information shared by the parties and/or their respective consultants/experts pursuant to the Agreement shall continue to be governed by the terms of the Agreement. Confidential Information shared between the parties after the date of execution of this Consent Protective Order shall be governed by the terms of this Consent Protective Order.

13.  SIGNATURES: The signatures of counsel on this Consent Protective Order may be reflected through facsimile or electronic

counterparts. An original signature will be provided if requested by

the Court or a party.

SO ORDERED this _____ day of _____, 2009

_____
United States Magistrate Judge

We hereby agree to the form and entry of this Consent Protective Order:

Dated: _____, 2009

Dated: _Oc̲t̲o̲b̲e̲r̲ 2̲0̲_ , 2009

_____
Eugene Killian, Jr., Esq. (EK-9972)
KILLIAN & SALISBURY, P.C.
77 Brant Avenue
Suite 115
Clark, NJ 07066
732-827-8600
ekillian@k-s.com

_Of Counsel:_
Barry J. Fleishman, Esq.
Erica J. Dominitz, Esq.
Jennifer Rasile Everitt, Esq.
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, DC 20005
202-508-5800
bfleishman@kilpatrickstockton.com
edominitz@kilpatrickstockton.com
jeveritt@kilpatrickstockton.com

_Attorneys for Plaintiff_
_Formosa Plastics Corporation, U.S.A._

_____
Jeffrey S. Weinstein, Esq. (JW-2619)
MOUND COTTON WOLLAN &
GREENGRASS
60 Park Place
Newark, New Jersey 07102
(973) 484-0600
jweinstein@moundcotton.com

_Of Counsel:_
Eugene Wollan, Esq.
MOUND COTTON WOLLAN &
GREENGRASS
One Battery Park Plaza
New York, New York 10004
212-804-4200
ewollan@moundcotton.com
_Attorneys for Defendants except Lloyd's_
_Syndicate 1200 and Zurich American_
_Insurance Company_

_____
Gregory R. Haworth, Esq.
DUANE MORRIS
744 Broad Street
Newark, NJ 07102
(973) 424-2014
grhaworth@duanemorris.com
_Attorneys for Defendant Lloyd's Syndicate_
_1200_

US2008 930157.1

counterparts. An original signature will be provided if requested by

the Court or a party.

SO ORDERED this 12th day of November, 2009

_____
United States Magistrate Judge

We hereby agree to the form and entry of this Consent Protective Order:

Dated: _____, 2009

_____
Eugene Killian, Jr., Esq. (EK-9972)
KILLIAN & SALISBURY, P.C.
77 Brant Avenue
Suite 115
Clark, NJ  07066
732-827-8600
ekillian@k-s.com

*Of Counsel:*
Barry J. Fleishman, Esq.
Erica J. Dominitz, Esq.
Jennifer Rasile Everitt, Esq.
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, DC  20005
202-508-5800
bfleishman@kilpatrickstockton.com
edominitz@kilpatrickstockton.com
jeveritt@kilpatrickstockton.com

*Attorneys for Plaintiff*
*Formosa Plastics Corporation, U.S.A.*

Dated: _____, 2009

_____
Jeffrey S. Weinstein, Esq. (JW-2619)
MOUND COTTON WOLLAN &
GREENGRASS
60 Park Place
Newark, New Jersey 07102
(973) 484-0600
jweinstein@moundcotton.com

*Of Counsel:*
Eugene Wollan, Esq.
MOUND COTTON WOLLAN &
GREENGRASS
One Battery Park Plaza
New York, New York 10004
212-804-4200
ewollan@moundcotton.com
*Attorneys for Defendants except Lloyd's*
*Syndicate 1200 and Zurich American*
*Insurance Company*

_____
Gregory R. Haworth, Esq.
DUANE MORRIS
744 Broad Street
Newark, NJ 07102
(973) 424-2014
grhaworth@duanemorris.com
*Attorneys for Defendant Lloyd's Syndicate*
*1200*

US2008 930157.1

counterparts. An original signature will be provided if requested by

the Court or a party.

SO ORDERED this _____ day of _____, 2009

_____

United States Magistrate Judge

We hereby agree to the form and entry of this Consent Protective Order:

Dated: _____, 2009          Dated: _____, 2009

Eugene Killian, Jr., Esq. (EK-9972)         Jeffrey S. Weinstein, Esq. (JW-2619)
KILLIAN & SALISBURY, P.C.                    MOUND COTTON WOLLAN &
77 Brant Avenue                             GREENGRASS
Suite 115                                   60 Park Place
Clark, NJ   07066                           Newark, New Jersey 07102
732-827-8600                                (973) 484-0600
ekillian@k-s.com                            jweinstein@moundcotton.com

Of Counsel:                                 Of Counsel:
Barry J. Fleishman, Esq.                    Eugene Wollan, Esq.
Erica J. Dominitz, Esq.                     MOUND COTTON WOLLAN &
Jennifer Rasile Everitt, Esq.              GREENGRASS
KILPATRICK STOCKTON LLP                     One Battery Park Plaza
607 14th Street, N.W.                       New York, New York 10004
Washington, DC  20005                       212-804-4200
202-508-5800                                ewollan@moundcotton.com
bfleishman@kilpatrickstockton.com           Attorneys for Defendants except Lloyd's
edominitz@kilpatrickstockton.com            Syndicate 1200 and Zurich American
jeveritt@kilpatrickstockton.com             Insurance Company

Attorneys for Plaintiff
Formosa Plastics Corporation, U.S.A.

                                            Gregory R. Haworth, Esq.
                                            DUANE MORRIS
                                            744 Broad Street
                                            Newark, NJ 07102
                                            (973) 424-2014
                                            grhaworth@duanemorris.com
                                            Attorneys for Defendant Lloyd's Syndicate
                                            1200

David Przygoda, Esq.
ROPES & GRAY
1211 Avenue of the Americas
New York, New York 10036-8704
david.przygoda@ropesgray.com
*Attorneys for Defendant Lloyd's Syndicate
1200*

Anthony W. Morris, Esq.
MCKENNA LONG & ALDRIDGE, LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, Georgia 30308-3265
(404) 527-8420
amorris@mckennalong.com
Attorneys for Zurich American Insurance
Company

Michael H. Cohen, Esq.
SAIBER
One Gateway Center
13th Floor
Newark, New Jersey 07102-5311
(973) 645-4809
mchoen@saiber.com
Attorneys for Commerce & Industry
Insurance Company

David Przygoda, Esq.
ROPES & GRAY
1211 Avenue of the Americas
New York, New York 10036-8704
david.przygoda@ropesgray.com
*Attorneys for Defendant Lloyd's Syndicate
1200*

*Anthony W. Morris*

Anthony W. Morris, Esq.
MCKENNA LONG & ALDRIDGE, LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, Georgia 30308-3265
(404) 527-8420
amorris@mckennalong.com
Attorneys for Zurich American Insurance
Company

Michael H. Cohen, Esq.
SAIBER
One Gateway Center
13th Floor
Newark, New Jersey 07102-5311
(973) 645-4809
mchoen@saiber.com
Attorneys for Commerce & Industry
Insurance Company

David Przygoda, Esq.
ROPES & GRAY
1211 Avenue of the Americas
New York, New York 10036-8704
david.przygoda@ropesgray.com
*Attorneys for Defendant Lloyd's Syndicate
1200*

Anthony W. Morris, Esq.
MCKENNA LONG & ALDRIDGE, LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, Georgia 30308-3265
(404) 527-8420
amorris@mckennalong.com
Attorneys for Zurich American Insurance
Company

Michael H. Cohen, Esq.
SAIBER
One Gateway Center
13th Floor
Newark, New Jersey 07102-5311
(973) 645-4809
mcohen@saiber.com
Attorneys for Commerce & Industry
Insurance Company

mcohen

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FORMOSA PLASTICS CORPORATION, U.S.A., | Civil Action No.: 06-CV-5055-HAA-ES |
| Plaintiff, | |
| vs. | |
| ACE AMERICAN INSURANCE COMPANY; ET AL., | |
| Defendants. | |

### NOTICE OF CONSENT PROTECTIVE ORDER
### AND CONFIDENTIAL UNDERTAKING
### (Non Experts and Consultants)

I hereby certify my understanding that Confidential Information will be provided to me by counsel, pursuant to the terms and restrictions of the Consent Protective Order, entered by the United States District Court, District of New Jersey in the action entitled *Formosa Plastics Corp. U.S.A. v. Ace American Ins. Co.*, et al., Civil Action No. 06-CV-5055-HAA-ES.

I further certify that my full name and address are: _____

_____; my present employer is: _____

_____; and the address of my present employment

is: _____; and my present occupation and/or job title or

description is: _____.

I further certify that I have received a copy of the Consent Protective Order and have carefully read and understand the provisions of the Consent Protective Order, and hereby agree to fully comply with the Consent Protective Order and all of its terms and restrictions as such shall apply to me.  I further agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Consent Protective Order.  I further agree that I shall not disclose Confidential Information to anyone other than persons permitted to have

access to such material or information pursuant to the terms and restrictions of the Consent Protective Order.

I further certify that upon the termination of this action, or sooner if so requested, I shall return to counsel and/or destroy all Confidential Information in my possession or control, including all copies and excerpts thereof, except that if any Confidential Information is incorporated or referenced in any of my work product, such work product is not required to be returned or destroyed, but will continue to be treated as Confidential Information.

I understand that violation of the Consent Protective Order may be punishable by contempt of Court.

Dated: _____, 2009

_____
(Signature)

_____
Print Name

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FORMOSA PLASTICS CORPORATION, U.S.A., | Civil Action No.: 06-CV-5055-HAA-ES |
| Plaintiff, | |
| vs. | |
| ACE AMERICAN INSURANCE COMPANY; ET AL., | |
| Defendants. | |

### NOTICE OF CONSENT PROTECTIVE ORDER
### AND CONFIDENTIAL UNDERTAKING
#### (Consultants and Experts)

I hereby certify that I have been retained as a consultant or expert witness in the action entitled *Formosa Plastics Corp. U.S.A. v. Ace American Ins. Co.*, et al., Civil Action No. 06-CV-5055-HAA-ES.

I further certify my understanding that Confidential Information will be provided to me by counsel, pursuant to the terms and restrictions of the Consent Protective Order, entered by the United States District Court, District of New Jersey (the "Court") in this action.

I further certify that I have been provided a copy of and have read and understand the Consent Protective Order, and hereby agree to fully comply with the Consent Protective Order and all of its terms and restrictions as such shall apply to me. I further agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Consent Protective Order. I further agree that I shall not disclose Confidential Information to anyone other than persons permitted to have access to such material or information pursuant to the terms and restrictions of the Consent Protective Order.

I further certify that upon the conclusion of my involvement in the litigation, I will return and/or destroy all Confidential Information that comes into my possession, and documents or

US2008 950157.1

things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained except that if any Confidential Information is incorporated or referenced in any of my work product, such work product is not required to be returned or destroyed, but will continue to be treated as Confidential Information..

I understand that violation of the Consent Protective Order may be punishable by contempt of Court.

Dated: _____, 2009

_____
(Signature)

_____
Print Name

US2008 930157.1