Eugene Killian, Jr. (EK-9972)
The Killian Firm, P.C.
555 Route 1 South
Suite 430
Iselin, NJ 08830
(732) 912-2100
ekillian@tkfpc.com

*Of Counsel*:

Frederick Whitmer, (FW-8888)
KILPATRICK STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, NY 10019
(212) 775.8773
FWhitmer@kilpatrickstockton.com

Barry J. Fleishman *(admitted pro hac vice)*
Erica J. Dominitz *(admitted pro hac vice)*
Jennifer Rasile Everitt *(admitted pro hac vice)*
KILPATRICK STOCKTON LLP
607 14th Street, NW
Suite 900
Washington, D.C. 20005
(202) 508-5800
BFleishman@kilpatrickstockton.com
EDominitz@kilpatrickstockton.com
JEveritt@kilpatrickstockton.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FORMOSA PLASTICS CORPORATION, U.S.A.,<br><br>           Plaintiff,<br><br>      vs.<br><br>ACE AMERICAN INSURANCE COMPANY;  ET AL.<br><br>           Defendants. | Docket No.:2:06-CV-05055-GEB-ES<br><br>Civil Action |

**PLAINTIFF'S REPONSE TO THE PROPERTY DEFENDANTS'
STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO THE
PROPERTY DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT CONCERNING PLAINTIFF'S "CODE UPGRADE" CLAIM**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff Formosa Plastic Corporations, U.S.A. ("Formosa") files this Response to the Statement of Undisputed Facts filed by the ACE American Insurance Company, Zurich American Insurance Company, New Hampshire Insurance Company, Commonwealth Insurance Company, Arch Specialty Insurance Company, Everest Reinsurance (Bermuda) Ltd., Allied World Assurance Company, LTD., Lloyd's Syndicate 1200 (AA-1127200) (UK), Lloyd's Syndicate 1221 (UK), Lloyd's Syndicate 282 (UK), Lloyd's Syndicate 2003 (UK), and certain underwriters at Lloyd's, London (collectively, the "Property Defendants") in support of their Motion for Partial Summary Judgment Concerning Plaintiff's "Code Upgrade" Claim.

There are several general objections to Property Defendants' Statement of Undisputed Facts.

First, Property Defendants failed to provide a declaration attesting that the exhibits it attached are true and correct copies. Instead, they attached the copies as exhibits to their Statement of Undisputed Material Facts. This failure makes it impossible for Formosa to determine the authenticity of the exhibits and, therefore, whether it is appropriate to admit or deny the allegations based upon them.

Second, Property Defendants failed to label the exhibits, making it impossible in some cases, extremely difficult in all others, to find and verify the content of Defendants' exhibits. Defendants attached three separate deposition transcripts totaling over 600 pages and spanning 13 (unlabeled) exhibits in PACER, rather than attaching short excerpts, as required by L. Civ. R. 5.2[8]. Two exhibits appear to be incomplete or missing:

(1) the first 54 pages of the Fed. R. Civ. Proc. 30(b)(6) deposition of Mr. Aivars Krumins, which occurred on December 9, 2009. If the exclusion was intentional, given that the other two depositions were attached in their entirety, that is not made clear as required by L. Civ. R. 5.2[8] [these pages would be an exhibit between PACER-numbered exhibits 17 and 18];

(2) the September 13, 2005, Ric Tharpe email identified as Exhibit 10 [this exhibit would be somewhere between PACER-numbered exhibits 22 and 23].

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Plaintiff admits that the language contained in this paragraph is an accurate quotation from the Policy, and that the Property Defendants' quote this

language in ¶ 92 of their Answer and Affirmative Defenses to First Amended Complaint.

6. Plaintiff admits that the language contained in this paragraph is an accurate quotation from the Policy, and that the Property Defendants' quote this language in ¶ 98 of their Answer and Affirmative Defenses to First Amended Complaint.

7. Plaintiff admits that this paragraph contains an accurate quotation from Plaintiff's Initial Disclosures under Fed. R. Civ. P. 26(a)(1), Section III (Damage Computation) dated January 23, 2009, except to the extent that the Property Defendants have omitted portions of the paragraph and replaced them with ellipses.

8. Plaintiff admits that two spreadsheets and an August 10, 2007 letter from Plaintiff's counsel addressed to Defendants' counsel were attached to Plaintiff's Rule 26(a) Initial Disclosures, and Plaintiff admits that this paragraph contains an accurate quotation from the August 10, 2007 letter, except to the extent that portions of the letter have been omitted.

9. Plaintiff admits that, on October 14, 2009, it served its Amended Rule 26(a) Disclosures, which included an estimation of codes and standards costs of $10,497,000.  Plaintiff denies the Property Defendants characterization of that document.

10. Plaintiff admits that on November 10, 2009, the Property Defendants took the deposition of Aivars E. Krumins. Plaintiff further admits that CB&I Lummus is the successor to ABB Lummus Global. Plaintiff finally admits that at the time of the deposition Mr. Krumins' title was Vice-President of Process Technology for U.S. Operations at CB&I Lummus, though his title has subsequently changed to Vice-President – Petrochemicals.

11. Plaintiff admits that this paragraph contains an accurate quotation from Mr. Krumins' November 10, 2009, deposition, except to the extent that the Property Defendants have underlined certain words. Plaintiff denies the Property Defendants' characterization of the testimony.

12. Plaintiff denies the Property Defendants characterization of Mr. Krumins' deposition testimony, including the characterization contained in footnote 3.

13. Property Defendants did not include this exhibit with their Motion and Plaintiff therefore cannot admit or deny it.

14. Plaintiff denies the characterization of Mr. Krumins' deposition testimony.

15. Admitted.

16. Admitted that this is an accurate quotation of the referenced document, except for certain typographical errors.

17. Plaintiff admits that this paragraph contains an accurate quotation of the Property Defendants' Interrogatory No. 10 to which Plaintiff responded on March 26, 2009.

18. Plaintiff admits that Plaintiff served Amended Responses to the Property Defendants' First Set of Interrogatories on October 14, 2009, and that Plaintiff's response to Interrogatory No. 10 is identical in the March 26, 2009 and the October 14, 2009 Amended Response. Plaintiff denies the Property Defendants' characterization of the response.

19. Plaintiff denies the Property Defendants' characterization of the response.

20. Plaintiff admits that on December 4, 2009, Plaintiff filed Objections and Responses to the Property Defendants' Request for Admission. Plaintiff denies the Property Defendants' characterization of the Responses.

21. Plaintiff admits that this paragraph contains an accurate quotation from Mr. Krumins' deposition testimony. Plaintiff denies the Property Defendants' characterization of the testimony.

22. Plaintiff denies the Property Defendants' characterization of the testimony.

23. Plaintiff admits that Plaintiff has cited to industry standard ANSI/ISA 84.00.01-2004, but notes that the Property Defendants make no indication in this

paragraph as to where and how it is cited. Plaintiff also admits that the American standard is virtually identical to International Standard IEC61511-1 Ed. 1.0 (2003-03), except that it allows safety instrumental systems which were designed to codes, standards, and practices prior to the issuance of this 2004 ANSI/ISA standard to continue to be used; new units and retrofits designed and installed after issue of the 2004 standard must conform to the new standard, however. Plaintiff admits that it did not cite to any particular part or section of ANSI/ISA 84.00.01-2004 in response to Interrogatory No. 10, and admits that the standard consists of three separate parts, comprising a total of approximately 260 pages. The Property Defendants final sentence in footnote 4 appears to be an aside to the Court, requiring neither an admission nor a denial.

24. Plaintiff denies this paragraph because the Property Defendants rely on a purported quotation from a website. This information is immaterial, and Plaintiff has no way to determine whether this document is genuine. The evidence will therefore not be admissible at trial. Footnotes 5 and 6 appear to be an explanation to the Court, requiring neither an admission nor a denial.

25. Plaintiff admits that this paragraph contains an accurate quotation from Exhibit 15, which purports to be an excerpt from ANSI/ISA 84.00.01-2004, except to the extent that the Property Defendants have underlined certain words.

26.  Plaintiff admits that this paragraph contains an accurate quotation from Exhibit 15, which purports to be an excerpt from ANSI/ISA 84.00.01-2004.

27.  Plaintiff admits that this paragraph contains an accurate quotation from Exhibit 15, which purports to be an excerpt from ANSI/ISA 84.00.01-2004.

28.  Plaintiff admits that this paragraph contains an accurate quotation, with the exception of the words underlined by the Property Defendants, from Exhibit 17, which purports to be a November 29, 2005 letter from Richard E. Fairfax, Director of OSHA's Enforcement Program, to the Manager of Standards Services of ISA.  Footnotes 7 and 8 appear to be explanations to the Court, requiring neither an admission nor a denial.

29.  Plaintiff denies the Property Defendants' characterization of Mr. Krumins's deposition testimony.

30.  Plaintiff admits that in the course of this litigation, Plaintiff has cited GE GAP (Global Asset Protection) Guidelines (GAP 2.5.2) for Oil and Chemical Plant Layout and Spacing and Petroleum Industry Practices (PIP) for Process Unit and Offsite Layouts (Dec. 1998), the Property Defendants have not indicated in this paragraph where or how Plaintiff cited these provisions.  Plaintiff also admits that, in Response to Interrogatory No. 10, Plaintiff inadvertently referred to the 2001 GAP Guideline as a 2004 version.  The language contained in Interrogatory

Response No. 10 is actually from the September 2001 version.  Plaintiff will update its interrogatory response to correct this inadvertent error.

31.     Plaintiff admits that this paragraph contains an accurate quotation from Plaintiff's Response to Interrogatory No. 10, except to the extent that the Property Defendants have underlined certain words. Plaintiff denies the Property Defendants' characterization of the response..

32.     Plaintiff denies any attempt by the Property Defendants to characterize Plaintiff's Response to Interrogatory No. 10.  Plaintiff denies the Property Defendants reference in footnote 11 to the GAP website because the Property Defendants rely on a purported quotation from a website.  This information is immaterial, and Plaintiff has no way to determine whether this document is genuine.  The evidence will therefore not be admissible at trial.

33.     Plaintiff denies the Property Defendants' characterization of the testimony.

34.     As described in ¶ 30, Plaintiff inadvertently referred to the 2001 GAP Guideline as a 2004 version in its response to Interrogatory No. 10.  Plaintiff denies any reference to the GAP website because the Property Defendants rely on a purported quotation from a website.  This information is immaterial, and Plaintiff has no way to determine whether this document is genuine.  The evidence will therefore not be admissible at trial.

35. Plaintiff denies any reference to the GAP online store and the "version" of GAP available for purchase because the Property Defendants rely on a purported quotation from a website. This information is immaterial, and Plaintiff has no way to determine whether this document is genuine. The evidence will therefore not be admissible at trial.

36. Plaintiff denies any statement by the Vice-President, Director of Research of Global Asset Protection Services because the information is immaterial, and it is hearsay. The evidence will therefore not be admissible at trial.

37. Plaintiff admits that this paragraph contains an accurate quotation from GAP guideline 2.5.2.

38. Plaintiff admits that this paragraph contains an accurate quotation from GAP guideline 2.5.2, except to the extent that the Property Defendants have underlined certain words. Plaintiff also denies the characterization of the quotation by the Property Defendants.

39. Plaintiff admits that Plaintiff discussed Petroleum Industry Practices (PIP) for Process Unit and Offsite Layouts, dated December 1998 in response to Interrogatory No. 10. Plaintiff denies any reference to the background of PIP and Exhibit 24, purportedly an excerpt from PIP's website, because the Property Defendants rely on a purported quotation from a website. This information is

immaterial, and Plaintiff has no way to determine whether this document is genuine. The evidence will therefore not be admissible at trial.

  40. Plaintiff admits that this paragraph contains an accurate quotation from the November 9, 2005 ABB Cost Estimate Based on Current Codes & Standards.

  41. Plaintiff admits that this paragraph accurate quotes the referenced document.

  42. Plaintiff admits that this paragraph contains an accurate quotation from the PIP guideline.

  43. Plaintiff denies the Property Defendants' characterization of Mr. Krumins's deposition testimony.

  44. Plaintiff admits that this paragraph contains an accurate quotation from Plaintiff's response to Interrogatory No. 10, except to the extent that the Property Defendants underlined certain words.

  45. Plaintiff denies any discussion of the National Fire Protection Association Technical Committee on Water Spray Fixed Systems because the information is immaterial, and Plaintiff has no way to determine whether this document is genuine. The evidence will therefore not be admissible at trial.

  46. Plaintiff admits that this paragraph contains an accurate quotation from NFPA 15.

47. Plaintiff denies any discussion of the American Institute of Chemical Engineering because the Property Defendants rely on a purported quotation from a website. This information is immaterial, and Plaintiff has no way to determine whether this document is genuine. The evidence will therefore not be admissible at trial.

48. Plaintiff admits that this paragraph contains an accurate quotation from the U.S. Chemical Safety and Hazard Investigation Board's March 2007 Investigation Report concerning the Explosion, except to the extent that the Property Defendants have underlined certain words. Plaintiff denies the discussion of the U.S. Chemical Safety Board contained in footnote 12 because the Property Defendants rely on a purported quotation from a website. This information is immaterial, and Plaintiff has no way to determine whether this document is genuine. The evidence will therefore not be admissible at trial.

49. Plaintiff admits that this paragraph contains an accurate quotation from the CCPS Guidelines for Fire Protection in Chemical, Petrochemical and Hydrocarbon Processing Facilities (2003) ("CCPS 2003") but denies any attempt by the Property Defendants to characterize the quotation. Footnote 13 appears to be an explanation to the Court requiring neither an admission nor a denial.

50.     Plaintiff admits that this paragraph contains an accurate quotation from CCPS 2003, except to the extent that the Property Defendants have underlined certain words.

51.     Plaintiff admits that this paragraph contains an accurate quotation from CCPS 2003.

52.     Plaintiff admits that this paragraph contains an accurate quotation from CCPS 1997.

53.     Plaintiff admits that this paragraph contains an accurate quotation from CCPS 1997's Introduction.

54.     Plaintiff admits that this paragraph contains an accurate quotation from Plaintiff's response to Interrogatory No. 10.

55.     Plaintiff admits that this paragraph contains an accurate quotation of 40 CFR 63 Subpart J, except that it omits §§ 63.212(e), 63.213(c) and 63.214(a)(1)-(2), (b).  (Plaintiff's reference to these sections does not indicate their materiality; it is merely intended to show the incompleteness of the quotation).