Eugene Killian, Jr. (EK-9972)
The Killian Firm, P.C.
555 Route 1 South
Suite 430
Iselin, NJ 08830
(732) 912-2100
ekillian@tkfpc.com

*Of Counsel*:

Frederick Whitmer, (FW-8888)
31 West 52nd Street, 14th Floor
New York, NY 10019
(212) 775.8773
FWhitmer@kilpatrickstockton.com

Barry J. Fleishman *(admitted pro hac vice)*
Erica J. Dominitz *(admitted pro hac vice)*
Jennifer Rasile Everitt *(admitted pro `hac vice)*
KILPATRICK STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, D.C. 20005
(202) 508-5800
BFleishman@kilpatrickstockton.com
EDominitz@kilpatrickstockton.com
JEveritt@kilpatrickstockton.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FORMOSA PLASTICS CORPORATION, U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> ACE AMERICAN INSURANCE COMPANY; *ET AL.* <br><br> Defendants. | Civil Action No.:2:06-CV-05055-GEB-ES <br><br> **DECLARATION OF ROE C. VADAS IN SUPPORT OF FORMOSA PLASTICS CORPORATION, U.S.A OPPOSITION TO PROPERTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR "EXCESS EXPENSES" AND NORMAL OPERATING EXPENSES** |

US2008 1371323.2

I, Roe C. Vadas, declare under penalty of perjury as follows:

1. I am the former Plant Manager at Formosa's plant in Illiopolis, Illinois. Currently, I am the Operations Manager at Formosa's plant in Point Comfort, Texas.

2. I submit this Declaration in connection with Formosa Plastics Corporation, U.S.A. ("Formosa") Opposition to Property Defendants' Motion for Summary Judgment on Plaintiff's Claims for "Excess Expenses" and Normal Operating Expenses. I have personal knowledge of the matters set forth below, and, if called as a witness, would testify truthfully as to these matters.

3. Formosa is a full-service manufacturer and supplier of plastic resins and petrochemicals, including PVC (polyvinylchloride).

4. On April 23, 2004, an explosion and resulting discharge of chemicals created a chain reaction of explosions and fires that killed five plant workers and destroyed much of the facility at Formosa's Illiopolis, Illinois site.

5. All of the business Formosa conducted at the Illiopolis facility ceased following the fire and explosion on April 23, 2004, and, to date, it has not resumed.

6. Formosa has not manufactured any product at its Illiopolis facility since April 23, 2004.

7. If the Illiopolis facility had been shutdown under controlled circumstances, absent the fire and explosion, Formosa would not have incurred any

US2008 1371323.2

continuing costs (or would have incurred minimal costs) for electricity, natural gas, water, permits, security, site maintenance and physical examinations and drug screenings.

8.  As a result of the April 23, 2004 fire and explosion, Formosa's Illiopolis facility was not shutdown under controlled circumstances. Due to the extreme property damage and pollution, Formosa has incurred and continues to incur substantial costs to remediate the property damage and pollution at the site before the facility can be completely shutdown.

9.  Formosa incurred reasonable and necessary costs for electricity after the April 23, 2004 fire and explosion to provide electricity for equipment used during the removal of hazardous air pollutants, demolition and cleanup activities including operating the boiler and incinerator used to remove and destroy hazardous air pollutants at the site, operate the Waste Water Treatment Plant to remove hazardous water pollutants, operate air compressors and provide lighting at the site. These costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances. Formosa did not incur any cost for electricity after the April 23, 2004 fire and explosion to manufacture any product.

10.  Formosa incurred reasonable and necessary costs for natural gas after the April 23, 2004 fire and explosion to heat buildings to protect equipment from the elements, to prevent further damage, to fire the boiler to produce steam for

hazardous pollutant recovery and to fire the incinerator to destroy hazardous air pollutants at the site. These natural gas costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances. Formosa did not incur any cost for natural gas after the April 23, 2004 fire and explosion to manufacture any product.

11. Formosa incurred reasonable and necessary costs for water usage after the April 23, 2004 fire and explosion to, for example, supply boiler feed water and supply quench and scrubber water to the incinerator for destruction of hazardous air pollutants, provide water for equipment cleaning and rudimentary decontamination, supply water to the fire system and for personal hygiene of those involved with the demolition and cleanup of the site. These costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances. Formosa did not incur any cost for water usage after the April 23, 2004 fire and explosion to manufacture any product.

12. Formosa incurred reasonable and necessary costs for phone use (local and long distance) after the April 23, 2004 fire and explosion to contact governmental agencies regarding activities at the site, contact Formosa's insurance companies involved in the investigation and adjustment of Formosa's claim, coordinate visits to the site, facilitate demolition and cleanup, contact vendors performing work at the site and to contact emergency services if needed. These

costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances. Formosa did not incur any cost for phone services after the April 23, 2004 fire and explosion to manufacture any product.

13.  Formosa incurred reasonable and necessary costs for permits after the April 23, 2004 fire and explosion because Formosa was still required to maintain these permits by governmental agencies as the Illiopolis facility has not been completely shutdown. While demolition and cleanup activities are ongoing, Formosa is obligated by law to maintain water and air permits, among other permits. These permitting costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances.

14.  Formosa incurred reasonable and necessary costs for security at the Illiopolis facility after the April 23, 2004 fire and explosion because the site contained hazardous chemical as well as unstable structures; therefore restricted access to the site needed to be monitored. On-site security costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances; only minimal roaming security would have been needed.

15.  Formosa incurred reasonable and necessary costs for physical examinations and drug screenings of its employees after the April 23, 2004 fire and explosion because Formosa was obligated to protect its employees pursuant to federal and state regulations. Formosa conducted drug screenings of its employees

to ensure that those working at the site with unstable structures and hazardous chemicals had all of their faculties to protect the safety of all on site and to protect the equipment and site from further damage. These physical examination and drug screening costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances.

16. Formosa incurred reasonable and necessary costs for site maintenance to maintain the boiler, incinerator, Waster Water Treatment Plant, and fire systems, including professional housekeeping, lawn maintenance and janitorial services, after the April 23, 2004 fire and explosion because certain support functions of the facility were operating in relation to the demolition and cleanup of the site. Formosa had to maintain the site to ensure the safety of those at the site, provide for the efficient removal of hazardous pollutants, and to protect the site from further damage. These site maintenance costs would not have been incurred if the Illiopolis facility had been shutdown under controlled circumstances.

[this space intentionally left blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 6/17/2010          _____
                         Roe C. Vadas